IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DEREK THOMAS,          )<br>        Plaintiff,         )<br>                              )<br>     v.                        )<br>                              )<br>FEDERAL BUREAU OF PRISONS    )<br>NORTHEAST REGIONAL DHO OFFICER, )<br>et al,                        )<br>        Defendants.      ) | No. 25-cv-00144-MSM-LDA |

ORDER

Mary S. McElroy, District Judge.

The filing of an Application to Proceed *In Forma Pauperis* (ECF No. 2), accompanying this Complaint, requires the Court to determine whether the Complaint states a plausible federal claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii). *See Ashcroft v. Iqbal,* 556 U.S. 662, 667 (2009) (plausible claim standard). Mr. Thomas claims jurisdiction pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C.§ 12101, and the Rehabilitation Act ("RA") of 1973, 29 U.S.C. § 701 et seq. Invocation of these statutes satisfies federal question jurisdiction. 28 U.S.C. § 1332. The same elements are common to each. *Calero-Cerezo v. U.S. Dept. of Justice,* 355 F.3d 6, 11 n.1 (1st Cir. 2004).

At the relevant time, Mr. Thomas was a resident of Houston House in Rhode Island. He maintains that at that time he suffered from Benign Prostatic Hyperplasia and that as a direct result of Houston House's failure to afford him a

reasonable accommodation he was unable to provide a bodily fluid sample for drug and alcohol testing within the required time limit. He was punished as a result by 41 days of incarceration. He maintains that staff at Houston House were aware of his disability. To maintain this claim, and justify federal jurisdiction, the plaintiff must show he suffers from a *qualified* disability which is one that limits or precludes an activity "of central importance to daily life." Mr. Thomas has not pled any facts which would support that conclusion. *See Terbush v. Massachusetts ex rel. Hampden County Sheriff's Office,* 987 F. Supp.2d 109, 121 (D. Mass. 2013) (syndrome which prevented the plaintiff from urinating standing in front of others was not a qualified disability). Second, Mr. Thomas must plead (and prove) that he requested a particular reasonable accommodation. *Calero-Cerezo,* 355 F.2d at 24 (employee requested a specific accommodation). Finally, he must plead (and prove) that the failure to provide the accommodation caused an adverse impact. Mr. Thomas alleges that the Houston House staff and an unnamed officer of the Bureau of Prisons Northeast Region were aware of his disability. But while there was a clear adverse impact of 41 days incarceration, Mr. Thomas does not disclose that he requested a particular accommodation or that a particular accommodation that he was denied caused his failure to pass the test. Simply having a disability is not sufficient.

He also claims that unnamed Houston House personnel directed Mr. Thomas to drink "gallons" of water when the appropriate amount was instead eight (8) ounces. The Complaint does not draw a connection between this alleged fact and any resulting harm. There is no explanation of the relevance of this allegation to the legal claims.

Some of the supplemental state claims also fail the pleading standard. Negligent infliction of emotional distress under Rhode Island law requires physical symptoms, not simply psychological distress. *Shannahan v. Moreau*, 202 A.3d 217, 230 (R.I. 2019). The claim for wrongful conversion, while alleging that the lost property was valued at $10,000, does not explain at all who allegedly accomplished the conversion or by what conduct. Finally, Mr. Thomas is cautioned that in order to prevail on a medical malpractice claim in Rhode Island, expert testimony will be required to prove both the standard of care and a deviation from it. *Laplante v. Rhode Island Hosp.*, 110 A.3d 261, 265 (R.I. 2015).

Because Mr. Thomas is proceeding *pro se,* the Court will afford him thirty (30) days in which to amend his Complaint to cure these defects. If he files an Amended Complaint on or before May 29, 2025, it will be evaluated for sufficiency. If no Amended Complaint is filed, the Complaint will be DISMISSED. The Motion to Proceed *In Forma Pauperis* (ECF No. 2) and the Motion to Appoint Counsel (ECF No. 3) are deferred at this time.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

April 29, 2025